UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES C. TATE | * | CIVIL ACTION |
| VERSUS | * | NO. 20-882 |
| UNITED STEEL WORKERS UNION LOCAL 8363 | * | MAG. J. CURRAULT |

**ORDER AND REASONS**

Before me is Plaintiff James C. Tate's ("Tate") Motion to Vacate (ECF No. 51) the Court's Order and Judgment entered on August 17, 2021 (ECF Nos. 49; 50) granting summary judgment on all claims against Defendant United Steel Workers Union Local 8363 ("Union") and dismissing the case with prejudice. Defendant United Steel Workers Union timely filed an Opposition. ECF No. 52. Plaintiff also filed an additional memorandum. ECF No. 53. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of the parties, and the applicable law, Plaintiff's Motion to Vacate (ECF No. 51) is DENIED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff James C. Tate ("Tate"), proceeding *pro se*, filed this suit on March 13, 2020, alleging that Defendant United Steel Workers Union Local 8363 ("Union") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and several contractual obligations by not providing regular meetings as required by its constitution, failing to establish a Civil Rights Committee, not responding to incidents of racial discrimination or harassment that occurred in 2011 and 2015, not taking action in response to a supervisor's bullying and harassment from 2007 through 2011, failing to address unsafe working conditions, and failing to pursue the arbitration of

his wrongful termination complaint. ECF Nos. 1; 1-1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 10.

The Union filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims. ECF No. 32. Plaintiff timely filed an Opposition to the Motion for Summary Judgment, as well as a memorandum entitled "Motion to Oppose Dismissal." ECF Nos. 31; 35. On August 17, 2021, the Court granted the Union's Motion for Summary Judgment on all claims finding (1) Title VII claims based on discrete discriminatory acts that occurred more than 300 days before Plaintiff's EEOC charges were time-barred; (2) claims based on failure to arbitrate were either time-barred or Plaintiff failed to produce sufficient evidence that he was treated less favorably than any other similarly situated union member in nearly identical circumstances; (3) Plaintiff failed to establish that Defendant's breach of the Union constitution by not holding meetings or establishing a Civil Rights Committee had any impact on his termination or caused any financial or other harm, and those claims were time-barred as the alleged failures occurred more than ten years and thus fell outside of Louisiana's 10-year prescriptive period; and (4) Plaintiff's claims of breach of duty of fair representation were time-barred. *See* ECF No. 49, at 15–20. Based on its Order and Reasons granting summary judgment for Defendant on all of Plaintiff's claims, the Court entered final judgment on August 17, 2021, dismissing Plaintiff's claims with prejudice. ECF No. 50.

Almost two months after entry of judgment, on October 4, 2021, Plaintiff filed a motion titled "Motion to Vacate" the Court's Order and Reasons and Judgment entered on August 16, 2021. ECF No. 51. In his Motion, Plaintiff states that the Defendant Union did not comply with rules of proper notice because it sent Plaintiff a different Motion for Summary Judgment than it filed with the Court. *Id.* As such, Plaintiff argues he addressed his Opposition (ECF No. 32) to

2

Defendant's summary judgment motion sent to him via email rather than the one filed with the court. *Id.* Plaintiff also asks that the Court convert its prior dismissal with prejudice into a dismissal without prejudice. *Id.*

The Union timely filed an Opposition to Plaintiff's Motion to Vacate. ECF No. 52. The Union asserts that it provided Plaintiff with the entire set of documents related to its Motion, including the memorandum in support and exhibits found at ECF Nos. 32 through 32-20. *Id.* at 1. In support of this, the Union attached an affidavit from counsel's legal assistant stating that she personally printed, and hand-delivered the documents from the court's docket to Plaintiff. ECF No. 52-1. The Union also attached the email demonstrating that it sent its Reply to Plaintiff's Opposition to Plaintiff through email. ECF No. 52-2. The Union highlights the extension of time Plaintiff received to respond to its Motion for Summary Judgment, as well as three different filings Plaintiff made in response to the summary judgment. *Id.* at 3 (citing ECF Nos. 33; 35; 37; 45).

Plaintiff filed another memorandum in support of his Motion to Vacate. ECF No. 53. Plaintiff reiterates his argument that Defendant "violated a legal duty" in not properly notifying Plaintiff of the summary judgment. *Id.* at 1. He asserts he did receive documents from Defendant at a meeting at Defendant's counsel office, but argues he received no receipt or inventory of what was handed to him at that time and did not have time at the office to review what was handed to him. *Id.* The rest of Plaintiff's memorandum is a verbatim copy of Plaintiff's opposition to Defendant's summary judgment.[1]

## II. LEGAL STANDARDS

Although Plaintiff did not cite or address any legal basis to vacate the Court's judgment, as a *pro se* Plaintiff, his briefing must be liberally construed to request relief from the Court's

---

[1] *Compare* ECF No. 53, at 2–3 *with* ECF No. 35, at 1–3.

judgment under Federal Rule of Civil Procedure 60(b).[2]  Plaintiff's Motion cannot be construed as a motion to amend or alter final judgment under Federal Rule of Civil Procedure 59 as Plaintiff filed his Motion to Vacate on October 4, 2021, more than 28 days after the Court entered final judgment on August 17, 2021.[3]  *See* Fed. R. Civ. P. 59(e).  Thus, Plaintiff's Motion is considered as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  Motions to reconsider, alter, or amend under the Federal Rules "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4]

Federal Rule of Civil Procedure 60(b) grants the court power to relieve a party from a final judgment based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief."[5]  Fed. R. Civ. P. 60(b)(3).  "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[6]  Whether to grant or deny a movant Rule 60(b) relief is within the sound discretion of the district court.[7]  Courts only abuse their discretion if the

---

[2] *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).
[3] *Beasley v. Holman*, No. 10-660, 2011 WL 26901328, at *2 (E.D. Tex. July 11, 2011).
[4] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[5] *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir. 2003) ("[Appellant's] claim is properly styled as one to set aside the district court's grants of summary judgment pursuant to Fed. R. Civ. P. 60(b)(3)").
[6] *Jenkins v. LaSalle Sw. Corrs.*, No. 17-1376, 2020 WL 2106355, at *4 (N.D. Tex. Jan. 28, 2020) (internal quotations omitted) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)), *R & R adopted* 2020 WL 2105842 (N.D. Tex. Apr. 30, 2020).
[7] *Webb*, 940 F.3d at 898 (5th Cir. 2019) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) ("It is not enough that the granting of relief might have been permissible, or even warranted;" instead, "denial must have been so unwarranted as to constitute an abuse of discretion.")).

decision is based on erroneous view of the law or clearly erroneous assessment of the evidence.[8] A party may file a Rule 60(b) motion at any time within one year after judgment, even if an appeal is pending, and the denial of that motion is appealable separately from underlying judgment.[9]

The burden in establishing one of the Rule 60(b) requirements is on the movant, Plaintiff Tate.[10] "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief."[11] A "mistake" under Rule 60(b) includes judicial errors, but any error must be a "fundamental misconception of the law" and not merely an erroneous ruling.[12] To establish "new evidence" under Rule 60(b), the evidence must be "material and controlling and clearly would have produced a different result if presented before the original judgment."[13] To warrant modification under Rule 60(b)(5), Plaintiff must demonstrate a showing of changed circumstances from the prior judgment or a "significant change in either factual conditions or in law render[ing] continued enforcement detrimental to the public interest."[14] As to fraud or misrepresentation by an adverse party, the alleged conduct must prevent the "losing party from fully and fairly presenting his case or defense."[15] Clause 6 is a catch-all residual clause that is used in "unforeseen contingencies" as a "means for accomplishing justice

---

[8] *Villarubia v Encompass Indem. Co.*, No. 10-734, 2011 WL 2413492, at *1 (E.D. La. June 13, 2011) (Barbier, J.).
[9] *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 414 (5th Cir. 2020) (citing *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir 2001)).
[10] *Jenkins*, 2020 WL 2106355, at *4 (citing *Bahsoon v. Wells Fargo Bank, NA,* No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (*citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc))).
[11] *Wallace v. Magnolia Family Servs., L.L.C.*, No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)).
[12] *Acadian Diagnostic Lab'ys, L.L.C.*, 965 F.3d at 414 (5th Cir. 2020) (internal quotations omitted) (quoting *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983))).
[13] *Oden v. Infosys Ltd.*, No. 17-2794, 2019 WL 6330573, at *2 (N.D. Tex. Nov. 1, 2019) (citing *Gov't Fin. Servs. One ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995)).
[14] *Oden*, 2019 WL 6330573, at *3 (citing *Horne v. Flores*, 557 U.S. 433, 447 (2009)), *R & R adopted*, 2019 WL 6329562 (N.D. Tex. Nov. 1, 2019).
[15] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citations omitted).

in exceptional circumstances" and the reason for relief under clause 6 must be separate from clauses 1–5.[16]

A pro se litigant is not exempt from compliance with procedural and substantive laws, and as such, still carries the burden in demonstrating the unusual or unique circumstances justifying relief under Rule 60(b).[17]

### III. ANALYSIS

Plaintiff Tate asserts that the Court should vacate his judgment because he did not receive the proper motion for summary judgment filed by Defendant Union. He also reiterates verbatim his opposition to Defendant's summary judgment motion and requests the Court to change his dismissal from "with prejudice" to "without prejudice" so that he may obtain further evidence in relation to his claims.

Plaintiff's motion fails to carry his burden to demonstrate any of the six factors authorizing relief under Rule 60(b). Plaintiff identifies no mistake by the Court that would constitute a fundamental error or misapplication of law. While his allegations that Defendant did not provide proper notice of its summary judgment motion could constitute a misrepresentation or misconduct by opposing party under Rule 60(b)(3), Plaintiff bears the burden of establishing that he was delivered the wrong materials or none at all. Contrary to that assertion, Defendant provides an affidavit attesting its counsel not only delivered the motion and supporting documents to Plaintiff, but that Plaintiff obtained extensions of time to oppose and access the records and filed multiple memoranda in response to the summary judgment motion. Further, Tate does not dispute Defendant's affidavit and concedes being handed documents at their office, but he simply did not

---

[16] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2004) (citing *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)); *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (citation omitted).
[17] *Tracie v. Foster*, No. 07-5754, 2008 WL 4059052, at *1 (E.D. La. Aug. 28, 2008) (Lemmon, J.) (citing *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).

6

inventory or review those documents at that time. Thus, Plaintiff has no evidence that justifies relief from judgment under Rule 60(b)(4)–(6). Further, as Plaintiff repeats the arguments in his prior Opposition, he raises no new arguments and provides no new evidence. Therefore, his Rule 60(b) motion must be denied.[18]

Plaintiff also requests that the court change its dismissal with prejudice to a dismissal without prejudice. A motion for summary judgment, however, is an adjudication on the merits and as such necessarily entails a dismissal with prejudice. A dismissal "without prejudice" would indicate that the suit has been dismissed without a decision on the merits and would not be conclusive of the rights of the parties. As the procedural equivalent to trial, it would not be proper to grant a Rule 56 summary judgment and dismiss the case without prejudice, suggesting that the decision is not conclusive of the rights of the parties and that a future adjudication on the merits would be appropriate when it would not. This Court decided its August 17, 2021 Order and Reasons on the merits of this case, considering evidence put forward by both Plaintiff and Defendant after providing parties ample time to brief and address the issues. As an Order on summary judgment, the Court appropriately dismissed this case with prejudice and to do otherwise would be "logically inconsistent."[19]

IV. **CONCLUSION**

Plaintiff has not met his burden for the Court to grant the extraordinary relief under Rule 60(b) and vacate its August 17, 2021 Order and subsequent Judgment dismissing all claims in this

---

[18] *Villarubia v Encompass Indem. Co.*, No. 10-734, 2011 WL 2413492, at *1 (E.D. La. June 13, 2011) (Barbier, J.) (denying motion under Rule 60(b) as the motion was based on evidence and arguments previously heard and considered by the Court); *Schoch v. Wells Fargo Home Mortg.*, No. 16-619, 2018 WL 11352604, at *2 (E.D. Tex. Mar. 9, 2018) (denying Rule 60(b) motion as Plaintiff merely restates in a "wholly conclusory manner" his arguments to Defendant's motions to dismiss and/or summary judgment, and his restatements do not constitute extraordinary circumstances or exceptional arguments meriting relief under Rule 60(b)).
[19] *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (internal quotations and citations omitted).

matter with prejudice. Plaintiff has not produced any new evidence or arguments, nor has he demonstrated any misrepresentation on the part of the Defendant to justify the requested relief.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Vacate (ECF No. 51) is DENIED for the reasons herein.

New Orleans, Louisiana, this 24th day of November, 2021.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE